Good morning, Your Honors. Thank you for your police support. Nina Najjar on behalf of Steve Heskett, the second or junior in Heskett Land Development Company, the appellants, and I would like to reserve five minutes for rebuttal. You have the benefit of the briefs and I certainly don't want to belabor the issues raised there. I think there's just a couple things I wanted to point out or discuss. While the facts aren't really relevant to this case because the trial court dismissed for lack of subject matter jurisdiction, the facts are relevant to that issue, certain of them, because this is a discrimination case. Mr. Heskett, Steve Heskett, is disabled. He's wheelchair bound. He's suffered from cerebral palsy since birth. He's the managing director of Heskett Land Development Company, which ran a religious camp for underprivileged youth at the property at issue. They bought the property originally for about $100,000 at a sheriff's sale and it was a tax-exempt property. They continued to use it in a tax-exempt manner through their religious camp. Mr. Heskett is an ordained minister and there was no dispute, I don't believe, that it was a religious camp. The problem became a few years down the road, they got a tax bill showing that the property had been re-evaluated for a million dollars, close to a million dollars. They had no notice of the re-evaluation. Isn't the way for them to deal with their issues having to do with state tax to deal in the state court proceedings, which there were proceedings and there was an opportunity for an appeal as opposed to bringing a federal action, which suffers from the Tax Injunction Act problem? Your Honor, I don't believe that the Tax Injunction Act applies in this case because there was no plain, speedy and efficient remedy in state court. Why wasn't the appeal the plain, speedy and efficient remedy that your client did not do in state court? Because the mechanism that allows the state court processes to be effective for them in this situation requires that they first timely file a motion for remission or tax exemption or re-evaluation. And although they allege, and this is a factual dispute, that they had twice previously filed and timely filed those applications, the defendants claimed that they had lost them. They never really denied that they had been filed, but they said they lost them. So you disagree with that and so you appeal the adverse determination. But, Your Honor, with all due respect, it's our position that they couldn't appeal. Well, the appeal would not have been effective because the conditioned precedent to the appeal and to a state court action is that they would have filed a timely application. And it's the defendants who are precluding them from meeting that first prong. Surely the state courts of Ohio would listen carefully to your argument. They're not going to shut their eyes and ears to a well-crafted argument such as yours. Well, I believe that Judge Goldsberry in the state court case that was not appealed, it was a foreclosure case, but he said he refused to consider the discrimination aspects. So then you say that state judge was wrong and you appeal to the state court of appeals or whatever the state reviewing body is. I assume he was a common police judge. Is that right? Yes, Your Honor. So you go to the Ohio State Court of Appeals. Well, I think that because it's a Section 1983 action, I think that the state court can say, I don't want to hear a discrimination portion. State courts can refuse to hear federal question matters? Well, I think that I've had quite a few state courts, Your Honor, that say they don't want to hear discrimination when there are factual issues that preclude the state processes. In this case, there were state procedures, and I acknowledge to be the first to acknowledge that there are procedures that could have been followed in an ordinary case. But in this particular case, they couldn't be followed because the defendants wouldn't allow it. And how would you get to the appellate process when the facts would be the same, that the trial court found that they weren't going to hear the discrimination issue or the trial court found that they didn't timely file the application for remission and their only defense to that would be the defendants had it and wouldn't process it. So I think that they're precluded. It's like a catch-22. I think that the failure to be able to submit that they have filed that application. In the third instance, on their third attempt. And it's not adequate because they would have lost the appeal. I mean, that can't be right. I'm sorry, I don't follow you, Your Honor. What you're really saying is that you didn't have to appeal because you would have lost the appeal because there were findings of fact regarding whether they made these applications. Allegedly, they were lost. My recollection is they didn't have any proof other than their own word that they had actually filed it. That's right, Your Honor. That was an argument you could have. There was a remedy for that by an appellate process, but you're saying it's not adequate because you wouldn't have prevailed so that the only state process that's adequate is the one which you would always win? Well, the way you put it, Your Honor, doesn't sound right. But, in fact, the underlying theory of what you're saying is right. If something is futile, then I don't think it's required. If an administrative procedure is futile, then it shouldn't be required. In this case, the county accepted, acknowledged that there were applications filed, but they didn't have them. And so the third application, when they were smart enough to finally keep a copy, was declared to be untimely. And I think the significance of that is that the Tax Injunction Act doesn't apply in this case because the county has repeatedly told, I believe it's undisputed, that they've said submit your application, pay the $98,000 that we're claiming that you owe now, and then you'll get it back. But they wouldn't put it in writing. So I don't think that this is a tax. I think this is a fee or a fine. We're saying you weren't timely. We're going to give it to you anyway, but you have to pay it first and then we'll give it back to you. And I don't think that that's an appropriate result, and I don't think that it's a just result. And because of that, I don't think that your question, Your Honor, is as far-fetched as it seems the way that you're posing it. I don't think it's a question of you can't appeal because you know you're going to lose. This is a question of futility because of the discriminatory actions of the defendants. And in that same line, even the evaluation, they at no point would say how they came to this million-dollar evaluation or what formula they used or how they came to this tax result. And certainly a taxpayer would have a right to know how they came to an amount, how the government would come to an amount of what they owe, and they were never permitted to do that. And I think that the facts, when you take them together, establish that the TIA should not apply in this case and that at least the appellant should have had a right to be heard. Thank you. Thank you, Your Honor. May it please the Court? I'm Craig Mayton, and I represent Athens County Government, the appellees in this matter. The appellants are asking this Court to do something that it cannot, and here's why. The Appellant Land Development Company is an Ohio for-profit LLC, and it is the subject of an Ohio real estate tax foreclosure action. In that proceeding, a judgment was entered against it in the amount of $98,000 and change by the Athens County Common Pleas Court on October 12th of 2011. Now, the Land Development Company, represented by counsel, chose not to appeal this judgment. Instead, it filed the instant action in federal court. As the District Court noted below, despite appellants' claims of discrimination, it is precisely the state court tax foreclosure proceeding that the appellants are challenging. Could the appellants raise their discrimination claim in the state court proceedings? Yes, Your Honor. I used to be a magistrate in state court, and I myself handled such a case and presided over such a case, tried to a jury. Did they even refuse to take it? I mean, is it a matter of discretion? No, Your Honor. I believe that particularly a court of common pleas, which is a court of general jurisdiction, has to hear cases that are brought. They couldn't say, well, we lack subject matter jurisdiction. And so because they could not say that they lack subject matter jurisdiction, they would have to hear it. And that would be a basis for challenging the foreclosure proceeding based on the failure to pay the $98,000 of taxes? That's correct, Your Honor. And this court has held that the Tax Injunction Act trumps the situation where there is a constitutional challenge. But the question that I was trying to get at is, is there a mechanism for them to raise their discrimination claim in the proceedings that were going on in the state court? And you're saying the answer is yes? Yes, Your Honor, I am. Your opponent says it's futile, so how do you respond to that? Well, Your Honor, I must say that I like Judge Corman's approach to that issue, and that is that the futility argument assumes that you are going to lose. And I think that the whole idea of giving the state courts the opportunity to address that very issue is to allow the courts their due. And just because a trial court rules in one particular way does not mean that the three-member court of appeals will rule in the same direction. I think that that's the underpinnings of comedy, the underpinnings of the Tax Injunction Act, is to allow the state court system the opportunity to address these cases. Justice Ginsburg, in a case from Ohio in 2010, the Levin case that we cited regarding the comedy argument, said that the state courts are better situated to address questions, state law tax questions, and that's really what underpins the Tax Injunction Act. Well, isn't the issue whether they have an adequate state remedy not whether, considering the merits of the case, they would likely win or lose on the merits, but whether the remedy is adequate? Yes, Your Honor, much better. Aren't they confusing the two? I mean, she's not arguing that the state doesn't give them a remedy. She's saying, well, if we go there, we're probably going to lose as to the merits, but we don't do that analysis, do we? No, Your Honor, and this court has also held that even if an appellant chooses or a plaintiff chooses not to exercise their remedies or waives the remedies, doesn't go forward with the remedies, that that still satisfies the plain, speedy, and efficient remedy requirement of the Tax Injunction Act. So, Your Honor, I would also point out it was referenced that perhaps this was not a tax in terms of the real estate tax that was imposed. There is a case, Hedgepath v. Tennessee, that addresses that case, and Judge Moore, you dissented in that case, and the basis of that was that in that case, the handicapped placard program of the state of Tennessee was at issue. And you looked at, and it was a very close question, the fact that in part that program for the handicapped placards and the fees that were collected or the assessment that was collected was more like a fee because it funded the program itself, and that's one of the tests in the American Landfill case. Does the tax or assessment collected, does it fund a specific program or is it a general tax? And I think this case is very different and distinguishable from that case, which was a close case. This is not a close case because I cite you to Ohio Revised Code Section 321.24, and that talks about how the real estate tax, which is collected, how it's dispersed, and it's clearly directed towards general expenditures that affect the entire population as opposed to a specific group like in the handicapped placard situation. So with regard to the plain, speedy, and efficient remedy element of the Tax Injunction Act, there were actually three avenues of appeal that the plaintiffs slash appellants enjoyed in this. Not only could they have continued their appeal of the foreclosure action, they could have originally pursued a challenge of the real estate valuation, which they did not through the Board of Revision process. They could also have appealed to the tax commissioner, which is a state entity, with regard to a tax exemption. Now, they are a for-profit corporation, as their brief says. They're an LLC. But they could have pursued that remedy as well, and they chose to pursue it in 2010, almost a decade after the original exemption issue had arisen. And so I would say to the court, in conclusion, that unless the appellants can convince you on rebuttal that the real estate tax is not a tax, but some sort of a fee, or that the foreclosure proceeding was not an effort to collect a tax, or that these three separate avenues of appeal that they enjoyed under Ohio law were not plain, speedy, and efficient, they cannot prevail. And this court has held, as I mentioned before, that even where a plaintiff is allowed a plain and speedy, efficient remedy, when that plaintiff has allowed that remedy to elapse, even under those circumstances, the remedy still satisfies the Tax Injunction Act. So I would respectfully urge this court to affirm the trial court's decision dismissing this case for lack of subject matter jurisdiction pursuant to the Tax Injunction Act or under principles of comity as set forth in the Levin case. And with that, I'll ask if the court has any further questions, and if not, I will sit down. Thank you. Thank you, Your Honors. Thank you, Your Honors. Just very briefly, I can't keep repeating my futility argument, but I believe that counsel's argument confirms the futility argument. In other words, in order to reach your state remedy, as a prerequisite, you have to pay the taxes that were assessed against you without due process and without any notice. If you don't pay those ñ I'm sorry, Your Honor. I'm analogous, by the way, to how the federal system works. Pay and request remission? Yeah, pay and at least the challenge. I could be wrong, but my recollection is that if you wanted to bring an action in the tax court, you had to pay the money and ask for a refund. And, Your Honor, I'm not familiar with that, and I apologize. I'm not sure, but this is regarding real property, and so I think even if that is the way that it's done in the tax court, in this particular instance, when the basis for the valuation and the tax in the first place is discriminatory and without notice and without due process, then I don't think that the property owner should be required to first pay that fine, which is really a fine or a fee, and then be assured that we're going to approve your application when you do file it and we'll give you your money back. So that's not money that's going into the state coffers. That's money, or the government coffers. That's a fine or a fee that you're being told you're going to get back, but you can't proceed on your estate remedies unless you pay it, and I think that that's improper, and I think that that makes the tax. It's improper. They shouldn't do it, but what is it? Does it violate the Constitution? Does it violate a law? What's the legal basis? I think it does, Your Honor. Yes, excuse me. It's improper, but why? Well, I think in this particular case it's because it was based on the handicap and religion. Well, that's issue of fact, isn't it? Yes, Your Honor, but the trial court never got to the facts. Okay, but you never appealed it to adjudicate it. Well, I don't think that there was no dispute in the state court, if I recall correctly. We weren't counsel there, so we weren't a party to that case. That wasn't filed as a foreclosure. That was filed as the county stepped in when somebody that was owed money filed an action, and the county stepped in, and the judgment that was granted in that case was only for the purpose of that case, and it didn't address these other issues, and I don't think that the appellants were precluded from because they didn't appeal that case. I don't think that they had. I'm saying you didn't appeal the assessment that you're now contesting. You're contending now that they overvaluated the property, but you never appealed that determination. Your Honor, that was appealed, and it was appealed through the tax commission, I believe, and also through the Board of Revision, both of whom said that they're statutorily not permitted to review it because they didn't pay the tax in advance. They never appealed it to the common police court or the next level. From the common police court. That's right, Your Honor. And it's our position that that does make it a fee or a fine, and to pursue state remedies would be futile, and there was no due process. Thank you very much. Thank you both for the argument. The case will be submitted. Would the clerk call the next case, please?